# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FOREST A. ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0517** (BOR Appeal No. 2050921)
(Claim No. 2012020814)

**SWVA, INC.,**
**Employer/Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Forest A. Adkins, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is the appropriate amount of permanent partial disability related to the compensable injury. On September 16, 2014, the claims administrator granted a 1% permanent partial disability award. The Office of Judges affirmed the decision in its November 4, 2015, Order. The Order was affirmed by the Board of Review on May 3, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins, a laborer for SWVA, Inc., injured his left shoulder on June 30, 2011, when he was using a sledgehammer during the course of his employment. The claim was rejected and, on appeal, the Office of Judges held the claim compensable for a left shoulder injury in February of 2013. On August 28, 2014, Marsha Bailey, M.D., issued an independent medical evaluation report based upon an independent medical examination of Mr. Adkins. She found that Mr. Adkins had made a remarkable recovery and had regained full range of motion in the left

1

shoulder. Dr. Bailey found that Mr. Adkins had a pre-existing diagnosis of impingement syndrome, which was not uncommon in a man of his age. He returned to work without restrictions just seven months after the surgery. Dr. Bailey found that Mr. Adkins had reached maximum medical improvement. For the left shoulder flexion deficit, Dr. Bailey assessed 1% upper extremity impairment from Figure 38 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). She found no other ratable impairment and found that he suffered from 1% whole person impairment. Based upon Dr. Bailey's recommendation, the claims administrator granted Mr. Adkins a 1% permanent partial disability award on September 16, 2014.

By report dated January 20, 2015, Bruce Guberman, M.D., after completing an independent medical evaluation, found Mr. Adkins to be at maximum medical improvement. For range of motion deficit in flexion and extension of the left shoulder, he recommended 3% upper extremity impairment from Figure 38 of the American Medical Association's *Guides*. For abduction and adduction, he recommended 2% upper extremity impairment from Figure 41 of the American Medical Association's *Guides*. For internal and external rotation of the left shoulder, he recommended 2% upper extremity impairment from Figure 44 of the American Medical Association's *Guides*. He combined all the findings to reach 7% combined upper extremity impairment, which was 4% whole man impairment.

On August 3, 2015, Dr. Bailey provided a supplemental examination report. Dr. Bailey noted that she was aware of Mr. Adkins's previous right shoulder injury, which occurred on February 18, 2007. Both she and Dr. Guberman evaluated Mr. Adkins regarding the prior injury. Dr. Bailey pointed out that Dr. Guberman found 1% whole person impairment in the left shoulder for range of motion deficit in 2008, but he did not subtract or consider it in his 2015 report. On December 15, 2008, Dr. Guberman examined Mr. Adkins for the purposes of an independent medical evaluation of his right shoulder. While determining impairment, Dr. Guberman used the uninjured left shoulder to assess the level of impairment of the right shoulder. Dr. Guberman found pre-existing degenerative changes in the left shoulder. He deducted 1% impairment from the right shoulder based upon the degenerative changes in the left shoulder. Dr. Bailey concluded that Dr. Guberman's January 20, 2015, report was inconsistent and inaccurate because it did not take into account his previous independent medical evaluation performed in 2008. Dr. Bailey also found that Dr. Gubeman's report was not as useful because it deviated from her assessment as well as the assessment made by Jack Steel, M.D. Dr. Steel, Mr. Adkins's treating orthopedic physician, found 180 degrees of flexion, which was similar to her finding of 173 degrees. This was far different than Dr. Guberman's 150 degree finding. Dr. Guberman only found 60 degrees of external rotation whereas Dr. Bailey and Dr. Steel found 80 degrees. Also, Dr. Guberman found 60 degrees of internal rotation, while Drs. Bailey and Steel found 80 degrees or more.

On November 4, 2015, the Office of Judges determined that the evidence of record demonstrated Mr. Adkins is entitled to a 1% permanent partial disability award related to his compensable left shoulder injury. The Office of Judges found that Dr. Guberman's range of motion measurements were not as reliable as the consistent findings of Dr. Bailey and Dr. Steel. The Office of Judges reasoned that even if Dr. Guberman's measurements were accurate, they

can only be explained by the progression of pre-existing degenerative conditions. Further, the Office of Judges noted that Dr. Guberman did not explain why he did not deduct the 1% whole person impairment he found existed in the left shoulder in 2008 from his 2015 final impairment rating. Because of these two issues the Office of Judges found that Dr. Bailey's report was a more reliable indicator of whole person impairment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 3, 2016.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. It was proper for the Office of Judges and Board of Review to adopt the report of Dr. Bailey because her report did not contain the inconsistencies that Dr. Guberman's contained. Dr. Guberman did not explain why he did not deduct the previously found 1% whole person impairment he assessed in 2008. Further his range of motion measurements were not consistent with the other physicians.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

3